# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5251 | **DATE** | 4/2/2012 |
| **CASE TITLE** | Dillon vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion *in limine* to bar plaintiff's counsel from introducing any evidence or argument regarding defendants' alleged failure to call witnesses [#74] is denied. Defendants' motion *in limine* to bar plaintiff's counsel from making an improper opening statement [#74] is denied. See statement section of this order for details.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

1.  Bar any evidence or argument regarding defendants' alleged failure to call witnesses

    Defendants ask the court to prohibit plaintiff from arguing that defendants should have put on certain witnesses. Plaintiff counters that if defendants testify that several other Chicago police officers witnessed the incident and they are not called to testify, that plaintiff may comment on their absence. The court agrees. Plaintiff is allowed to point out the alleged deficiencies in defendants' case.

2.  Bar plaintiff's counsel from making an improper opening statement and from arguing an insufficient investigation occurred,[1] including lack of fingerprint evidence

    Plaintiff intends to ask the defendant officers whether they had the ability to request that fingerprint analysis be conducted on the items recovered from plaintiff, and if so, whether they requested that such analysis be performed. Plaintiff intends on making reasonable argument based on the defendant officers' responses to these questions. Defendants ask this court to prohibit plaintiff from arguing that an investigation should have continued or that further forensic evidence should have been collected and examined because any such evidence or argument is irrelevant, prejudicial and immaterial to the central issue of whether defendants had probable cause to arrest plaintiff. Plaintiff admits that he is not alleging that the investigation or lack thereof did not amount to sufficient probable cause for plaintiff's arrest.[2] Rather, he is alleging that the defendant officers deliberately charged plaintiff with a crime they knew he did not commit and that they knowingly falsified the charges in their police reports to support their version of events. Plaintiff's argument goes to the credibility of the witness officers, not whether they had probable cause to arrest him. Plaintiff will be allowed to inquire of the witness officers what post-arrest steps they took to confirm that plaintiff committed the crimes with which he was charged. Any confusion regarding the relevancy of this line of questioning will be addressed by the court by a limiting instruction at the close of the case.

**STATEMENT**

1. Plaintiff states that he does not intend to argue that the defendant officers had a constitutional obligation to pursue certain scientific tests or to conduct a specific investigation.

2. "Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution." *Mustafa* v. *City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (citing *Potts* v. *City of Lafayette*, 121 F.3d 1106, 1113 (7th Cir. 1997)).