IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTSTRIC OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR DILLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:09-cv-5251 |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, | ) | Honorable Judge Joan Lefkow |
| CHICAGO POLICE OFFICER | ) | |
| MICHAEL KEENEY, Star No. 11437, | ) | |
| CHICAGO POLICE OFFICER | ) | |
| AUGUSTIN TORRES, JR., Star No. | ) | |
| 13901, and DEREK CROSS, Star No. | ) | |
| 19108, | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR PARTIAL ENTRY OF JUDGMENT AS
A MATTER OF LAW WITH RESPECT TO COUNTS IV AND VII OF
PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT FRCP 50**

Defendants Chicago Police Officer Michael Keeney ("Keeney"), Chicago Police Officer Augustin Torres ("Torres"), Chicago Police Officer Derek Cross ("Cross"), and the City of Chicago ("City"), through their attorney, Anthony L. Schumann, respectfully move this Honorable Court pursuant to Rule 50 of the Federal Rules of Civil Procedure, for entry of partial judgment as a matter of law with respect to Counts IV and VII of Plaintiff's, Victor Dillon ("Dillon" or "Plaintiff") Second Amended Complaint, and states as follows:

**I. INTRODUCTION**

Plaintiff Dillon seeks damages against Defendant Officers Keeney, Torres and Cross resulting from his arrest on August 31, 2008. Dillon makes four (4) claims against Defendants: 1) that Defendant Officers falsely arrested Plaintiff (Count I); 2) that Defendant Officer Cross used excessive force on Plaintiff (Count III); 3) that Defendant Officers Torres and Keeney

failed to intervene to prevent the use of excessive force (Count IV); and 4) that Defendant Officers Keeney maliciously prosecuted Plaintiff (Count VII).

Based on the uncontroverted evidence at trial, the Defendant Officers are entitled to judgment as a matter of law with respect to Counts IV and VII for the following reasons: 1) There is no evidence that the criminal proceeding against Plaintiff was terminated in a manner consistent with Plaintiff's innocence; and 2) There is no evidence that Officers Torres or Keeney had a reasonable opportunity to intervene with respect to Officer Cross allegedly punching and hitting Plaintiff. Accordingly, this court should enter an order for judgment as a matter of law against Plaintiff on Counts IV and VII.

## II. STANDARD FOR JUDGMENT AS A MATTER OF LAW

Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is not legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue" *Murray v. Chicago Transit Authority*, 252 F.3d 880,886 (7 th Cir. 2001). *See also*, FRCP 50(a)(1). The standard for granting judgment as a matter of law "mirror" the standard for granting summary judgment. *Murray*, 252 F.3d at 886.

## III. ARGUMENT

A. **Judgment As A Matter Of Law Should Be Granted With Respect To Count VII Because Plaintiff Has Not Presented Sufficient Legal Evidentiary Basis For A Jury To Find In His Favor On His Malicious Prosecution Claim.**

To establish a claim for malicious prosecution, plaintiff must prove by a preponderance of the evidence that: 1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; 2) the termination of the proceeding *in favor of plaintiff*; 3) the *absence of probable cause* for such proceeding; 4) the presence of malice; and 5) damages resulting to the plaintiff. *Swick v. Liautaud*, 169 Ill. 2d 504, 512, 662 N.E.2d 1238,

1242 (Ill. 1996), *emphasis added*. If Plaintiff fails to prove any one of these elements, Plaintiff cannot pursue this claim. *Id*. With regard to the second element, the action cannot move forward where the underlying criminal proceedings were terminated for any reason other than the innocence of the accused. *Id*.

In this case, Dillon has not presented any legally sufficient evidentiary basis for the jury to find that he has met his burden that the finding of no probable cause following a preliminary hearing is a dismissal in a manner consistent with Plaintiff's innocence as required by *Swick*. Dillon has not presented any evidence that the finding of no probable cause by the judge at his preliminary hearing was based on his innocence. There is no transcript of the preliminary hearing to suggest that the judge who presided over the preliminary hearing addressed the objective reasonableness of the arrest or did anything more than make the determination required by Illinois's preliminary examination statute. *See*, *Williams v. Kobel*, 789 F.2d 463 (7 th Cir. 1986); *Kumar v. Chicago Housing Authority*, 862 F.Supp. 213, 216 (N.D. Ill. 1994) (where court held that the state court's finding of no probable cause at plaintiff's preliminary hearing did not entitle her to summary judgment on the issue of liability for her claim for malicious prosecution because the hearing did not resolve the underlying issue of whether defendants had probable cause to arrest plaintiff at time offense was committed). Since Dillon has presented no evidence that the judge at the preliminary hearing made any determination regarding the reasonableness of his arrest, this court should enter an order granting Defendants' motion for judgment as a matter of law with respect to Count VII.

  **B.**   **Officers Torres and Keeney Are Entitled To Judgment As A Matter Of Law On Plaintiff's Claim For Failure To Intervene With Regard To Officer Cross Because Neither Officers Torres Nor Keeney Had A Realistic Opportunity To Intervene.**

A police officer may be liable under Section 1983 for failure to intervene if the officer is

3

present when the constitutional violation occurred, and if the officer had reason to know: 1) that excessive force was being used; 2) that a citizen has been unjustifiably arrested; or 3) that any constitutional violation has been committed by a law enforcement official; and 4) the officer hada realistic opportunity to intervene to prevent the harm from occurring. *Abdullahi v. City of Madison*, 423 F.3d. 763, 774 (7th Cir. 2005)(citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).

In this case, Dillon has not presented any evidence at trial that either Officers Torres or Keeney had a reasonable opportunity to intervene to prevent Officer Cross from allegedly striking or hitting Plaintiff as required by *Abdullahi*. There is no evidence that Officer Keeney had a reasonable opportunity to prevent Officer Cross from allegedly striking or punching Plaintiff. Accordingly, this Court should enter an order for judgment as a matter of law with respect to Count IV against Officer Keeney.

With regard to Officer Torres, the testimony elicited at trial from the witnesses shows that Officer Torres had no reasonable opportunity to prevent Officer Cross from allegedly using excessive force in slamming Plaintiff on the squad car. At the time of the alleged incident, the testimony elicited at trial from Officer Torres is that he assisted in handcuffing Plaintiff. Plaintiff testified that after he was handcuffed that Officer Cross allegedly slammed Plaintiff on the hood of the car. Plaintiff also testified that he could not see any of the other Defendant Officers after this alleged incident.

There also has been no testimony that Officer Torres was present when Officer Cross allegedly punched Plaintiff in his jaw. The alleged punch occurred after Plaintiff was slammed on the hood of the car. Again, Plaintiff testified that he could not see anyone after he was allegedly slammed on the hood of the car. Officer Torres testified that he assisted with

4

handcuffing Plaintiff and that he was not in the immediate vicinity after he assisted Officer Cross.

     Last, Plaintiff has not elicited testimony that Officer Torres had a reasonable opportunity to intervene when Officer Cross allegedly poke Plaintiff with the flashlight while Plaintiff was in the backseat of the squad car.  Plaintiff testified that he did not know the locations of the other officers at the time the incident occurred.  Accordingly, this court should enter an order granting Defendants' motion for judgment as a matter of law on Count IV.

Dated: April 5, 2012

Respectfully Submitted,

By: /s/: **Anthony L. Schumann**
Anthony L. Schumann

Anthony L. Schumann
Maurice L. Gue
GRANT SCHUMANN, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
T: (312) 551-0111
F: (312) 551-0112